# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALTAIR ENGINEERING, Inc.

    Plaintiff,

vs.

ENVIRONMENTAL LIGHTS,

    Defendant.

Case No.: 2:07-cv-13379

Hon. Paul D. Borman

Magistrate Judge Mona K. Majzoub

| Thomas N. Young (P22656)<br>Christopher G. Darrow (P67196)<br>YOUNG & BASILE P.C.<br>3001 W. Big Beaver Rd., Ste. 624<br>Troy, MI 48084-3107<br>(248) 649-3333<br><br>Attorneys for Plaintiff<br>Altair Engineering, Inc. | Perrin Rynders (P38221)<br>Adam J. Brody (P62035)<br>VARNUM RIDDERING SCHMIDT &<br>HOWLETT LLP<br>Bridgewater Place, 333 Bridge Street, N.W.<br>P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>616-336-6000<br><br>Attorneys for Defendant<br>Advanced Lighting Concepts, Inc. d/b/a<br>"Environmental Lights.com" |
|---|---|

## RULE 26(f) REPORT AND JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Notice of Scheduling Conference or Filing of Rule 26 Plan, the parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report and Joint Discovery Plan:

### I.    RULE 26(f) CONFERENCE.

Pursuant to Rule 26(f), a meeting was on __November 21, 2007__ by telephone and was attended by:

1

Christopher G. Darrow (P67196)
YOUNG & BASILE P.C.
3001 W. Big Beaver Rd., Ste. 624
Troy, MI 48084-3107
(248) 649-3333

Attorneys for Plaintiff
Altair Engineering, Inc.

Adam J. Brody (P62035)
VARNUM RIDDERING SCHMIDT &
HOWLETT LLP
Bridgewater Place, 333 Bridge Street, N.W.
P.O. Box 352
Grand Rapids, MI 49501-0352
616-336-6000

Attorneys for Defendant
Advanced Lighting Concepts, Inc. d/b/a
"Environmental Lights.com"

## II. SUBJECTS AND NATURE OF DISCOVERY

### A. DISCOVERY BY PLAINTIFF

Altair will need to conduct discovery on the issues of patent infringement, damages, and any defenses raised by Defendant.

### B. DISCOVERY BY DEFENDANT

Advanced Lighting Concepts, Inc. will need to conduct discovery on infringement, validity, damages, and other defenses.

### C. ELECTRONICALLY STORED INFORMATION

The parties will search or gather active electronically stored information on subjects specified in any Rule 34 request, unless an objection to the Rule 34 request is made; the parties do not need to search backup tapes and deleted files for electronically stored information. The parties will take reasonable measures to preserve available electronically stored information, including electronically stored information on backup tapes. Electronically stored information shall be initially produced in "TIFF" format; to the extent that an electronic file is needed in native format, the responding party shall produce the native file if the requesting party establishes good cause for the native format.

### III. DISCOVERY SCHEDULE
#### A. FACT DISCOVERY

Fact discovery shall commenced on ___November 30, 2007___ and be served no later than ___May 1, 2007___.

#### B. RULE 26(a)(1) INITIAL DISCLOSURES

The parties will exchange the initial discovery disclosures required by Rule 26(a)(1) by ___December 4, 2007___.

#### C. DISCLOSURE OF INFRINGEMENT CONTENTIONS

The Plaintiff must file and serve disclosures of the following of the following information by ___December 20, 2007___:

>   1. Each patent claim that is allegedly infringed by each opposing party;
>
>   2. For each asserted claim, the accused product of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, to the extent possible, will be identified by name or model number, if known.
>
>   3. A chart identifying specifically where each element of each asserted patent claim is found within each accused product, including for each element that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in the accused product that performs the claimed function.

4.  Whether each claim limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product.

D.  **DISCLOSURE OF INVALIDITY CONTENTIONS**

Any party asserting invalidity or unenforceability claims/defenses must file and serve disclosures containing the following by __January 10, 2008__:

1.  Each item of known prior art that allegedly anticipates each asserted claim or renders it obvious. For prior art that is a document, a copy of the document should be provided to Plaintiff's counsel or be identified by Bates Number if it was previously produced. As to prior art that is not documentary in nature, such prior art shall be identified with particularity (by "who, what, when, and where" etc.) as to publication date, sale date, use date, source, ownership, inventorship, conception and any other pertinent information.

2.  Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items or prior art makes a claim obvious, each such combination, and the reason why a person of ordinary skill in the art would combine such items must be identified.

3.  A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the

identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**4.**     For any grounds of invalidity or unenforceability based on 35 U.S.C. § 112 or other defenses, the party asserting the claim or defense shall provide its reasons and evidence why such claims are invalid or unenforceable. Such positions shall be made in good faith and not simply *pro forma* arguments.

**E.     NON-INFRINGEMENT CONTENTIONS**

On or before ___January 10, 2008___, Defendant shall explain the factual basis for its allegations that it does not infringe the patent-in-suit either literally or under the doctrine of equivalents, including identifying what claimed elements that it believes are not present in the accused products.

**F.     CLAIM CONSTRUCTION PROCEEDINGS**

Pursuant to the decision of *Markman v. Westview Instruments, Inc.*, 116 S. Ct. 1384 (1996), the following procedures will be followed for resolution of claim construction issues in this case.

**1.**     The parties will meet and confer to determine what claim terms may need to be interpreted by the Court by ___February 1, 2008___.

**2.**     On or before March 1, 2008, the parties shall exchange, but not file, a chart that lists for each disputed claim term the party's proposed interpretation of the disputed claim term along with citations to the

5

intrinsic and extrinsic evidence (e.g., patent, prosecution history, dictionary definitions, etc.) that supports its interpretation along with a summary of any testimony that is expected to be offered to support that interpretation.

3.  Within 10 days after exchanging the claim chart above, the parties shall meet and confer again for the purpose of preparing a Joint Claim Construction and Prehearing Statement. At this meeting, the parties shall attempt to narrow and finalize the claims terms that need to be interpreted by the Court. If, at any time, the parties determine that a claim construction hearing is not necessary, they will notify the Court in a timely matter. The parties shall also set forth separately the construction of those claim terms on which the parties agree.

4.  The Parties shall file their opening claim construction briefs on or before <u>April 1, 2008</u>.

5.  The Parties shall file responsive claim construction briefs on or before <u>April 23, 2007</u>.

6.  A Markman hearing in this matter will be held on ___<u>May 22, 2008</u>___.

G.  **EXPERT DISCOVERY**

1.  Reports from retained experts required by Rule 26(a)(2) are due from each party, on issues where that party bears the burden of proof, by

3. A Final Pretrial Conference will be held pursuant to Local Rule 16.1 on _[to be set by Court]___January 13, 2009___.

**K.  TRIAL**

The parties will be ready for trial on or after ___February 17, 2009___.

Dated: __11/28/07__

_____
Paul D. Borman
United States District Court Judge

___/s/Christopher G. Darrow___
Thomas N. Young (P22656)
Christopher G. Darrow (P67196)
YOUNG & BASILE P.C.
3001 W. Big Beaver Rd., Ste. 624
Troy, MI 48084-3107
(248) 649-3333

Attorneys for Plaintiff
Altair Engineering, Inc.

___/s/ Adam J. Brody (with permission)___
Perrin Rynders (P38221)
Adam J. Brody (P62035)
VARNUM RIDDERING SCHMIDT &
HOWLETT LLP
Bridgewater Place, 333 Bridge Street, N.W.
P.O. Box 352
Grand Rapids, MI 49501-0352
616-336-6000

Attorneys for Defendant
Advanced Lighting Concepts, Inc. d/b/a
"Environmental Lights.com"